IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KENNETH LEO BUHOLTZ )
)
Plaintiff, )
)
v. ) Civil Action No. 3:15CV520–HEH
)
BART CARROLL, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION
(Dismissing 42 U.S.C. § 1983 Action)

Kenneth Leo Buholtz, a federal inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §1915A.

### I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless."

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

*Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993). This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," stating a claim that is "plausible on

2

its face," rather than merely "conceivable." *Id.* at 555, 570 (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). For a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

According to Buholtz, from 2008 until 2010, the Texas Department of Family and Protective Services ("CPS") received reports of suspected sexual abuse of Buholtz's minor children, J.C.G. and L.S.B. (Compl. Attach. ¶¶ 1–4, ECF No. 1.)[2] The abuse was allegedly perpetrated by the children's mother, Dilia Lulieth Buholtz, and another adult female. (*Id.* ¶ 1.) On July 2, 2010, Defendant Delia Guillamondegui, CPS Investigator,

---

[2] The Court employs the pagination assigned to Buholtz's Complaint by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and spacing in quotations from Buholtz's Complaint.

3

"'ruled out' all allegations of child abuse." (*Id.* ¶ 6.) Buholtz's claims fault a number of public officials in Texas for failing to act to stop this alleged abuse.

Buholtz claims that on April 8, 2011, Charles Phillips, Buholtz's attorney, "sent a certified letter with return receipt, and concurrently faxed a copy of that same letter to Defendant Bart Carroll, Chief Investigator for CPS in Plano, Texas, along with copies of two indictments from Colombian officials issued against the children's mother and her friend, alleging sexual abuse of the children." (*Id.* ¶ 7.) According to Buholtz, Carroll "refused to accept later follow-up telephone calls from Attorney Phillips, and ignored the letter and fax sent from the attorney." (*Id.*) On or about April 2012, "[i]n violation of a Texas State Court order, mother removed both children from the United States ... and took them to Colombia, South America." (*Id.* ¶ 5.)

Buholtz also asserts that Defendant Billy Lanier, as the Sheriff's office liaison to CPS in Collin County, Texas, "had authority under color of Texas State law to protect the minor children Plaintiffs from the physical and emotional harm and sexual abuse of others." (*Id.* ¶ 8.) Moreover, Defendant Terry Box, the Sheriff, "failed to take any action in regard to repeated requests from [Buholtz] to investigate Defendant Lanier's misconduct or malfeasance." (*Id.* ¶ 9.)

Additionally, Defendant John Specia, the Commissioner for CPS, has "failed to respond to a certified letter dated June 15, 2015 regarding his employee's failure to perform their legal duty." (*Id.* ¶ 10.) Finally, Buholtz alleges that Defendant W. Kenneth Paxton, Jr., the Attorney General for Texas, "has failed to respond to [Buholtz's] repeated requests of April 14, 2015 and June 15, 2015 to initiate a criminal investigation into the

4

Texas Family and Protective Services." (*Id.* ¶ 11.) Buholtz seeks $4,000,000.00 in damages, as well as the "remov[al] [of the] minor children from Colombian home of abusive mother and place[ment] into a safe environment within the United States where they can receive treatment for the abuse they have endured." (*Id.* at 9.)

### III. NO FEDERAL CLAIM

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Here, Buholtz fails to identify any constitutional right violated by Defendants' conduct. *See Shanklin v. Seals*, No. 3:07CV319, 2010 WL 1225741, at *14 (E.D. Va. Mar. 26, 2010) (dismissing a § 1983 claim when plaintiff "faile[d] to allege what constitutional right [was] implicate[d], much less any violation of a constitutional right"). Buholtz also fails to identify any claim that arises under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331.[3] Accordingly, Buholtz has failed to allege any cognizable § 1983 claims against Defendants. Therefore, Buholtz's § 1983 claims will be dismissed as frivolous.

### IV. DIVERSITY CLAIMS

As noted above, Buholtz faults Defendants for not investigating the allegations of child abuse, not responding to his attorney's letters and telephone calls, and not responding to Buholtz's letters and requests to initiate a criminal investigation of CPS. (Compl. ¶¶ 6–11.) To the extent Buholtz alleges state law claims, the Court may only

---

[3] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

exercise diversity jurisdiction for those claims. Diversity jurisdiction is proper only when the amount in controversy exceeds $75,000.00 and the diversity of state citizenship among the parties is complete. 28 U.S.C. § 1332;[4] *see Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998); *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999) (citations omitted). Defendants are residents of Texas. Buholtz is currently incarcerated at FCI Petersburg, in Petersburg, Virginia. (Compl. 9.) However, prior to his incarceration, Buholtz was a resident of Texas. (*See generally United States v. Buholtz*, 4:11CR135 (E.D. Tex.).)[5]

A rebuttable presumption exists that a prisoner does not acquire a new domicile in the state of his incarceration, but retains the domicile he had prior to his incarceration. *Jones v. Hadican*, 552 F.2d 249, 250–51 (8th Cir. 1977). To rebut the presumption that he or she retains the pre-incarceration domicile, a prisoner must "show truly exceptional

---

[4] The statute provides in relevant part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332.

[5] Buholtz was convicted of transportation of a minor in interstate commerce, in violation of 18 U.S.C. § 2423(a).

6

circumstances" and "introduce more than 'unsubstantiated declarations.'" *Id.* at 251 (quoting *Stifel v. Hopkins*, 477 F.2d 1116, 1126 (6th Cir. 1973)). At the pleading stage, the prisoner "must allege facts sufficient to raise a substantial question about the prisoner's intention to acquire a new domicile." *Id.*; *accord Roberts v. Morchower*, No. 91–7688, 1992 WL 42885, at *1 (4th Cir. Mar. 4, 1992) (unpublished).

Buholtz has provided no facts that would allow the Court to find that his domicile has changed to Virginia. Therefore, Buholtz has not pled facts sufficient to plausibly suggest that he has changed his domicile to Virginia from Texas. *See Goad v. Gray*, No. 3:10CV326, 2010 WL 4735816, at *4 (E.D. Va. Nov. 15, 2010) (citing *Jones*, 552 F.2d at 251); *see also Goad v. Goad*, No. 5:10CV00139, 2011 WL 39093, at *2 (W.D. Va. Jan. 5, 2011) (citing same). To the extent Buholtz brings any state law claims, the Court will dismiss without prejudice these claims for lack of subject matter jurisdiction.

Accordingly, the action will be dismissed for failure to state a claim and as legally frivolous. The Clerk will be directed to note the disposition of this action for the purposes of 28 U.S.C. § 1915(g). Buholtz's Motion to Expedite (ECF No. 11) will be denied as moot.

Buholtz also filed a Motion to Compel the preparation of certain transcripts from a state court in Texas. Accompanying that Motion to Compel, Buholtz has attached an elicit photograph. Buholtz's Motion to Compel (ECF No. 12) will be denied; however, the Court will direct the Clerk to forward a copy of the Motion to Compel and the attached photograph to the United States Attorney for the Eastern District of Virginia for

7

any action he deems appropriate. The Clerk shall file the Motion to Compel under seal.

An appropriate Order will accompany this Memorandum Opinion.

                                                   /s/
                             HENRY E. HUDSON

Date: Jan. 15, 2016           UNITED STATES DISTRICT JUDGE
Richmond, Virginia