IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KENNETH LEO BUHOLTZ )
)
Plaintiff, )
)
v. ) Civil Action No. 3:15CV520–HEH
)
BART CARROLL, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION
### (Denying Rule 59(e) Motion)

By Memorandum and Order entered January 15, 2016, the Court dismissed Kenneth Buholtz's civil action for failure to state a claim and as legally frivolous. *Buholtz v. Carroll*, No. 3:15CV520, 2016 WL 204474, at *3 (E.D. Va. Jan. 15, 2016). On February 11, 2016,[1] the Court received from Buholtz, a "MOTION FOR RECONSIDERATION AND TO VACATE JUDGMENT," that the Court construes as a motion pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion," ECF No. 17). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277 (4th Cir. 2008) (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)).

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076,

---

[1] This is the day Buholtz swears he placed his motion in the prison mail system for mailing to this Court. The Court deems the motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Although Buholtz fails to identify on what ground he seeks relief, he apparently argues that Rule 59(e) relief should be granted to correct an error of law or to prevent manifest injustice.

Buholtz argues that because he paid the full $400.00 filing fee he "does not fall under the same criteria as an inmate filing *in forma pauperis* as indicated in 28 U.S.C. § 1915(e)(2)(B)." (Rule 59(e) Mot. 4.) Thus, he argues that the Court should not have dismissed his action as frivolous. Buholtz is incorrect. At the time Buholtz filed his civil action, he was incarcerated. Buholtz also named government employees as Defendants. Thus, he falls under the ambit of the Prison Litigation Reform Act ("PLRA") and 28 U.S.C. § 1915A. That statute provides:

> **(a) Screening.**--The Court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
> (1) is frivolous, malicious, or fails to state a claim upon which relied may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a)–(b).

Tied to the incorrect assertion that his action should be treated differently because he paid the full filing fee, Buholtz requests that the Court "vacate its judgment of denial and dismissal, and transfer this case [along with the $ 400.000 filing fee] to the Eastern

2

District of Texas, allowing that Court to determine the merits anew ." (Rule 59(e) Mot. 4.) Buholtz argues that jurisdiction would be appropriate in the Eastern District of Texas. Buholtz fails to explain and this Court fails to discern why the Court should transfer an action that states no claim for relief and is frivolous.

The Court dismissed the action in part, because Buholtz failed to allege a federal claim, and because the Court could exercise no jurisdiction over any potential state law claims because Defendants were residents of Texas. Any potential Texas state law claim was dismissed without prejudice for lack of subject matter jurisdiction. Buholtz is free to refile those state law claims in the appropriate court. Buholtz fails to identify any clear error of law or any other basis for granting Rule 59(e) relief. *See Williams v. Virginia*, 524 F. App'x 40, 41 (4th Cir. 2013) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)) ("The reconsideration of a judgment after entry is an extraordinary remedy which should be used sparingly."). Accordingly, Buholtz's Rule 59(e) Motion (ECF No. 17) will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: March 14, 2016
Richmond, Virginia