IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KENNETH LEO BUHOLTZ )
)
Plaintiff, )
)
v. ) Civil Action No. 3:15CV520–HEH
)
BART CARROLL, *et al.*, )
)
Defendants. )

# MEMORANDUM OPINION
### (Denying Rule 60(b)(6) Motion)

By Memorandum Opinion and Order entered on January 15, 2016, the Court dismissed Kenneth Leo Buholtz's civil action for failure to state a claim and as legally frivolous. *Buholtz v. Carroll*, No. 3:15CV520, 2016 WL 204474, at *3 (E.D. Va. Jan. 15, 2016). By Memorandum Opinion and Order entered on March 14, 2016, the Court denied Buholtz's motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 59(e). *Buholtz v. Carroll*, No. 3:15CV520, 2016 WL 1064542, at *2 (E.D. Va. Mar. 14, 2016). By Memorandum Opinion and Order entered on June 29, 2017, the Court denied Buholtz's motion to set aside judgment filed pursuant to Federal Rule of Civil Procedure 60(b)(4). (*See* ECF Nos. 29, 30.) On July 14, 2017, the Court received a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b)(6) Motion," ECF No. 31) from Buholtz.

Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). It is an extraordinary remedy requiring a showing of exceptional circumstances. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). The party seeking relief under Rule 60(b) "must make a threshold showing of timeliness, 'a meritorious claim or defense,' and lack of unfair prejudice to the opposing party . . . ." *Coleman v. Jabe*, 633 F. App'x 119, 120 (4th Cir. 2016) (quoting *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011)). A party must also demonstrate "exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (quoting *Werner*, 731 F.2d at 207).

Here, Buholtz seeks relief under Rule 60(b)(6), hence, under Federal Rule of Civil Procedure 60(c)(1), he was required to file his motion within a reasonable time after the entry of the January 15, 2016 Memorandum Opinion and Order. Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time-and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). Buholtz's Rule 60(b)(6) Motion, filed more than one year after the entry of the challenged judgment, was not filed in a reasonable time. *See McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four

2

months after the original judgment and no valid reason is given for the delay." (citing *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245 (4th Cir. 1974); *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249 (4th Cir. 1967))).

For this reason, Buholtz's Rule 60(b)(6) Motion (ECF No. 31) will be denied.

An appropriate Order will accompany this Memorandum Opinion.

Date: August 7, 2017
Richmond, Virginia

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE